UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAMIEN JACKSON,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )    No. 3:09-0511
                                   )    **JUDGE HAYNES**
CRIMINAL STREET GANG MEMBERS:      )
MALISSA "SUNSHINE" ELLISON         )
(364476), ET AL.,                  )
                                   )
        Defendants.                )

## MEMORANDUM

Plaintiff, a state prisoner in the Lois M. DeBerry Special Needs Facility, filed this *pro se* action against the Defendants: (1) the Tennessee Department of Correction ("TDOC"); (2) the State of Tennessee; (3) the United States of America; (4) the Davidson County General Sessions Court; 5) the Metro-Davidson County Police Department (MPD); and 6) the Tennessee Supreme Court (Middle Division).[1] Plaintiff seeks money damages and injunctive relief.

Plaintiff's specific claims are: (1) that he was subjected him to "unlawful criminal street gang activity in the name of or on behalf of . . . Malissa 'Sunshine' Ellison" for which the United States, the State of Tennessee, and TDOC were negligent in failing to protect him from two gang related assaults; (2) that TDOC and "its entities" subjected him to treatment "consistent with attempted second-degree murder," and "unlawful invasion of privacy,"; (3) that he has been subjected to hate crimes; (4) that his "legal and religious personal property" were stolen from him; and (5) that the United States, the State of Tennessee, and TDOC were negligent in not preventing the theft of his property. (Docket Entry No. 2, pp. 5-6).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a

---

[1] Plaintiff originally named Malissa "Sunshine" Ellison as a defendant, but has since dismissed her as a party to this action. (Docket Entry No. 12)

prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States and 2 that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *Boag*, 454 U.S. at 365, the courts cannot abrogate basic pleading requirements for *pro se* actions. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops,*

*Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

1. Plaintiff's First Claim

Apart from Malissa "Sunshine" Ellison, whom Plaintiff has dismissed as a party to this action, TDOC is the only defendant to whom Plaintiff refers in the context of his first claim. Although Plaintiff asserts repeatedly that TDOC and "its entities" have treated him consistent with the statutory definition of attempted second-degree murder, and that TDOC and "its entities" have unlawfully invaded his privacy, Plaintiff fails to allege specific facts to support either of these claims. Plaintiff does not identify any of the other defendants as involved with the alleged hate crimes nor theft of property. Plaintiff's first claim is conclusory and fails to state a claim on which relief may be granted.

2. Plaintiff's Second Claim

As to his claim even an intentional deprivation of property, such an allegation does not state a § 1983 claim, if adequate state remedies to recover the lost property. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984). The Sixth Circuit has previously held that Tennessee provides adequate post-deprivation remedies loss of personal property. *Brooks v. Dutton*, 751 F.2d 197, 199 (6th Cir. 1985). Plaintiff does not allege, nor can it be liberally construed from the pleadings, that he sought to exercise his post-deprivation remedies, but that those remedies were inadequate. Accordingly, Plaintiff's second claim also will be dismissed for failure to state a claim on which relief may be granted.

3. Plaintiff's Third Claim

As to the United States's, the State of Tennessee's, and TDOC's negligent failure to protect him from two gang-related assaults, or to prevent the theft of his property, for a § 1983 action, the defendant must be alleged to have acted knowingly or intentionally to violate his or her constitutional

3

Case 3:09-cv-00511   Document 15   Filed 08/19/09   Page 3 of 4 PageID #: 42

rights, because mere negligence, recklessness, or mistakes are insufficient. First, neither a State nor its agencies is a proper defendant in a Section 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 64 (1989). Moreover, Section 1983 does not apply to federal officials. *Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999); *Howard v. Grinage*, 6 F.3d 410, 415 (6th Cir. 1993). Although under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 390-97 (1971) the same standard applies as under Section 1983, *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001), Plaintiff does not identify any individual federal agents. Thus, Plaintiff's constitutional claims against the State of Tennessee and the United States fail to state a claim.

### 4. The Remaining Defendants

As to defendants, Tennessee Supreme Court (Middle Division), the Davidson County General Sessions Court, and MPD, Plaintiff does not allege any specific facts about defendants in the text of his complaint. Plaintiff identifies these defendants solely in the relief demanded section of his complaint. Specifically, Plaintiff seeks to have a "fair review of his (criminal) affidavit of complaint submitted to the Tennessee Supreme Court . . . the Davidson County General Sessions Court[,] and [the] Davidson County Metropolitan Police Department. Courts are not persons for purposes of § 1983. *Mumford v. Zieba*, 4 F.3d 429, 435 (6th Cir. 1993), nor are police departments. *See Petty v. County of Franklin, Ohio* 478 F.3d 341, 347 (6th Cir. 2007); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Therefore, Plaintiff's claims against the Tennessee Supreme Court (Middle Division), the Davidson County General Sessions Court, and MPD fail to state a claim for relief.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge
8-19-09