UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DAMIEN JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:09-0511 |
| | ) **JUDGE HAYNES** |
| CRIMINAL STREET GANG MEMBERS: MALISSA "SUNSHINE ELLISON (364476), ET AL., | ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is a *pro se* prisoner complaint brought under the "common law." Plaintiff is an inmate at the Lois M. DeBerry Special Needs Facility (DeBerry) in Nashville.

Plaintiff's application to proceed *in forma pauperis* was previously granted, subject to "an extended payment of the filing fee." (Docket Entry No. 13) Plaintiff is herewith assessed the civil filing fee of three hundred fifty dollars ($350.00). Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is the greater of:

(a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust fund account; **or**

(b) twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income, or income credited to Plaintiff's inmate trust fund account for the preceding month, but only when such monthly income exceeds ten dollars ($10.00). Such payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court as prescribed by 28 U.S.C. § 1914(a). 28 U.S.C. § 1915(b)(2).

As provided in the accompanying memorandum, the complaint is hereby **DISMISSED** in for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii); 1915A(b)(1). An appeal from the judgment rendered herein would **NOT** be taken in good faith. Therefore, Plaintiff is **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 444-46 (1962). Nevertheless, should Plaintiff file a notice of appeal, he either must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee, or submit a new application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the six (6) month period preceding the filing of his notice of appeal. 28 U.S.C. §§ 1915(a)(1) and (a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

The Clerk is **INSTRUCTED** to forward a copy of this Order to the Warden at DeBerry to ensure that the custodian of Plaintiff's inmate trust fund account complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should Plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this Order follows Plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle District of Tennessee.

Entry of this Order shall constitute the judgement in this action.

It is so **ORDERED**.

**ENTERED** this the 19th day of August, 2009.

William J. Haynes, Jr.
United States District Judge